# EXHIBIT A

ELECTRONICALLY FILED
9/6/2019 10:19 PM
04-CV-2019-900263.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
DEBRA HILL, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | |
|---|---|
| KENNETH GUNNELLS, an individual, | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **CIVIL ACTION NO. _____** |
| | ) |
| | ) |
| **CENTURY ARMS;** | ) |
| **CENTURY ARMS, INC.;** | ) |
| **CENTURY INTERNATIONAL ARMS, INC.;** | ) |
| **CENTURY INTERNATIONAL ARMS OF VERMONT, INC.;** | ) |
| **CENTURY INTERNATIONAL ARMS, CORPORATION;** | ) |
| **CENTURY WORLD ENTERPRISES, INC.;** | ) |
| **CENTURY WORLD INVESTMENT CORPORATION;** | ) |
| **CANIK USA, LLC;** | ) |
| **SAMSUN DOMESTIC DEFENSE AND INDUSTRY CORPORATION;** | ) |
| **FICTITIOUS DEFENDANTS 1 – 25;** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**Fictitious Defendant No. 1**, whether singular or plural, the entity that designed the product and its component parts involved in the occurrence made the basis of this lawsuit, or any component parts thereof;

**No. 2**, whether singular or plural, the entity that manufactured, assembled, or installed the product and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof;

**No. 3**, whether singular or plural, the entity that had any role in the distributive chain regarding the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof;

**No. 4**, whether singular or plural, the entity that, prior to the occurrence made the basis of this lawsuit, altered or repaired the product and its component parts involved in said occurrence or any component part thereof;

**No. 5**, whether singular or plural, the entity that failed to warn or issued inadequate warnings or instructions regarding the use or operation of the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof;

**No. 6**, whether singular or plural, the entity that provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the product and its component parts involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto;

**No. 7**, whether singular or plural, the entity that was responsible for advertising the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof;

**No. 8**, whether singular or plural, the entity that did any consulting work, i.e., advertising, engineering, etc., referable to such design, manufacture and/or assembly of the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof;

**No. 9**, whether singular or plural, the entity that tested, inspected, approved or issued any approval of the product and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof;

**No. 10**, whether singular or plural, the entity that conducted safety inspections or analyses of or with reference to the product and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof, and/or the design or manufacturing process of each such product, including but not limited to the products liability insurance carrier for the manufacturer or distributor, of any of the aforesaid products;

**No. 11**, whether singular or plural, the entity that was responsible for the defective condition of the product and its component parts involved in the occurrence made the basis of this lawsuit on the date of said occurrence or any component part thereof;

**No. 12**, whether singular or plural, the entity that allowed or placed the product and its component parts involved in the occurrence made the basis of this lawsuit into the stream of commerce in a defective and unreasonably dangerous condition;

**No. 13**, whether singular or plural, the entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

No. 14, whether singular or plural, the entity whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 15, whether singular or plural, the entity that provided insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein;

No. 16, whether singular or plural, the entity that is the successor in interest of any of those entities described above;

No. 17, whether singular or plural, the entity that provided maintenance and/or upkeep of the product and its component parts involved in the occurrence made the basis of this lawsuit;

No. 18, whether singular or plural, the entity that did any repair work on the product and/or its component parts involved in the occurrence made the basis of this complaint;

No. 19, whether singular or plural, the entity that was responsible for the condition or state of repair of the product and its component parts involved in the occurrence made the basis of this lawsuit;

No. 20, whether singular or plural, the entity that repaired, altered, or maintained the product and its component parts involved in the occurrence made the basis of this lawsuit;

No. 21, whether singular or plural, the entity that had supervisory authority relating to the maintenance and operation of the product and its component parts involved in the occurrence made the basis of this lawsuit;

No. 22, whether singular or plural, the entity that was the predecessor corporation of any of the entities described above;

No. 23, whether singular or plural, the entity that conducted safety inspections or analyses of or with reference to the product or its component parts involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 24, whether singular or plural, the entity that conducted safety inspections or analyses of, or with reference to, the product or its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof, or any attendant equipment used or available for use thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of each of said product, including, but not limited to, the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products. Plaintiff avers that the true identities of the foregoing fictitious parties defendants are otherwise unknown to the Plaintiff at this time, or, if their names are known to the Plaintiffs, their identities as proper party defendants are not known at this time, and their true names will be substituted when ascertained.

No. 25, whether singular or plural, the entity that was responsible for testing and/or providing any warnings, recalls, cautions, or other notices concerning product usage, safety and/or defects, and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof

Plaintiffs aver that the identities of the fictitious party Defendants are otherwise unknown to Plaintiffs at this time, or, if their names are known to Plaintiffs at this time, their identities as proper

party Defendants are not known to Plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

        Fictitious Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, KENNETH GUNNELLS, by and through his undersigned attorney of record, and files herewith this Complaint as follows:

## PARTIES

1. Plaintiff, **KENNETH GUNNELLS**, is an individual over the age of nineteen years and resides in Autauga County, Alabama.

2. Upon information and belief, Defendant **CENTURY ARMS,** was at all times material hereto, a Vermont corporation, doing business in the State of Alabama.

3. Upon information and belief, Defendant **CENTURY ARMS, INC.**, was at all times material hereto, a Vermont corporation, doing business in the State of Alabama, with its principle place of business in Delray Beach, Florida.

4. Upon information and belief, Defendant **CENTURY INTERNATIONAL ARMS, INC.**, was at all times material hereto, a Vermont corporation, doing business in the State of Alabama, with its principle place of business in Delray Beach, Florida.

5. Upon information and belief, Defendant **CENTURY INTERNATIONAL ARMS OF VERMONT, INC.**, was at all times material hereto, a Vermont corporation, doing business in the State of Alabama, with its principle place of business in Delray Beach, Florida.

6. Upon information and belief, Defendant **CENTURY INTERNATIONAL ARMS, CORPORATION**, was at all times material hereto, a Vermont corporation, doing business in the State of Alabama, with its principle place of business in Delray Beach, Florida.

7. Upon information and belief, Defendant **CENTURY WORLD ENTERPRISES, INC.**, was at all times material hereto, a Florida corporation, doing business in the State of Alabama, with its principle place of business in Delray Beach, Florida.

8. Upon information and belief, Defendant **CENTURY WORLD INVESTMENT CORPORATION**, was at all times material hereto, a Florida corporation, doing business in the State of Alabama, with its principle place of business in Delray Beach, Florida.

9. Upon information and belief, Defendant **CANIK USA, LLC** was at all times material hereto, a Delaware company, doing business in the State of Alabama, with its principle place of business in Boca Raton, Florida.

10. Upon information and belief, Defendant **SAMSUN DOMESTIC DEFENSE AND INDUSTRY CORPORATION** was at all times material hereto, a foreign corporation located in the Country of Turkey, doing business in the state of Alabama.

11. **FICTITIOUS DEFENDANTS 1 through 25** are individuals, general partnerships, limited partnerships, corporations or other entities who: (a) are described in the caption of the complaint, with reference to said descriptions in the caption as if the same were set forth fully herein; and/or (b) were at all times material hereto responsible for any acts, actions or omissions alleged of a defendant as set forth in this Complaint; and/or (c) were responsible for any acts, actions or omissions that caused the injuries and damages to Plaintiffs alleged herein.

12. Pursuant to Rule 9(h) of the Alabama Rules of Civil Procedure, Plaintiff avers that the identities of the fictitious party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

## JURISDICTION AND VENUE

13. The events forming the basis of this lawsuit occurred in Autauga County, Alabama.

14. The Plaintiff, KENNETH GUNNELLS, is/was a resident citizen of Autauga County, Alabama at all times material hereto.

## FACTS

15. On September 2, 2017, the Plaintiff, Kenneth Gunnells, purchased a Canik TP9 (serial number: 13AI00998) from Tri-County Pawn Shop in Prattville, Alabama.

16. On September 8, 2017, Mr. Gunnells was shooting his newly acquired firearm upon his property.

17. When Mr. Gunnells had finished shooting, he holstered the firearm into a polymer holster manufactured and sold by Canik to fit this particular model, the Canik TP9.

18. A few moments later, the holstered Canik TP9 that is the subject of this action fell to the ground, landing on the back end/edge of the slide, which resulted in the firearm improperly discharging a 9mm round upward into Mr. Gunnells' face (left cheek) which exited through his left ear.

19. As a result of this subject firearm discharging an unwanted/unintentional round without the operator manipulating the trigger, Mr. Gunnells was caused to sustain and endure severe and permanent injuries and facial disfigurement.

## COUNT I
## NEGLIGENCE AND/OR WANTONESS

20. The Plaintiff readopts and re-alleges all prior paragraphs of this complaint.

21. The Defendants, Century Arms, Century Arms, Inc., Century International Arms, Inc., Century International Arms of Vermont, Inc., Century International Arms, Corp., Century World Enterprises, Inc., Century World Investment, Corp., Canik USA, LLC, Samsun Domestic Defense,

and fictitious party Defendants negligently or wantonly tested, imported, distributed, delivered, supplied, inspected, warranted, marketed, sold, installed, manufactured and/or designed the firearm which unintentionally discharged a round into the Plaintiff's face.

22. Said negligent or wanton conduct was a proximate cause of injuries and damages to the Plaintiff.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendant(s), jointly and severally, for compensatory and punitive damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to the Defendants' conduct, act(s) and/or omission(s). Further, Plaintiff requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT II
## FAILURE TO WARN

23. The Plaintiff readopts and re-alleges all prior paragraphs of this complaint.

24. The Defendants identified above in the style of this Complaint, and also listed in paragraph 21 above, both named and fictitious, negligently or wantonly failed to properly warn the Plaintiff of the dangers associated with the firearm, including, but not limited to, their tendency to unintentionally discharge. Said negligence and/or wanton conduct proximately caused injuries and damages to the Plaintiff.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by them due to the Defendants' conduct. Further, Plaintiff requests that the

Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT III
## BREACH OF WARRANTY

25. The Plaintiff readopts and re-alleges all prior paragraphs of this complaint.

26. The Defendants, both named and fictitious, expressly and/or impliedly warranted that the subject firearm, which was placed into the stream of commerce by the Defendant(s) and subsequently purchased by the Plaintiff, was reasonably fit and suitable for the purpose(s) for which they were intended to be used.

27. The Defendant(s), both named and fictitious, expressly and/or impliedly warranted that the firearm purchased by the Plaintiff were merchantable.

28. Plaintiff avers that said Defendant(s), both named and fictitious, breached all expressed and/or implied warranties, as said firearm was not reasonably fit and/or suitable for the purpose for which it was reasonably foreseeable to be used, and was in a dangerously defective and unsafe condition at the time of its design and distribution, and was not merchantable. Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said Defendants, both named and fictitious, Plaintiff was injured and damaged.

29. Plaintiff alleges that his injuries and damages were caused as a proximate consequence of the breach of warranties, violation of the Alabama Extended Manufacturer's and/or Strict Liability Doctrines, and other wrongful conduct of the Defendant(s), both named and fictitious.

30. The aforesaid wrongful, negligent, willful and/or wanton conduct of the named and fictitious Defendant distributor(s), deliverer(s), supplier(s), inspector(s), warrantor(s), marketer(s), seller(s), tester(s), installer(s), importer(s), manufacturer(s), and/or designer(s), combined and concurred and as a proximate consequence thereof, caused injuries and damages to

the Plaintiff.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to the Defendants' conduct. Further, Plaintiff requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT IV
## AEMLD

31. The Plaintiff readopts and re-alleges all prior paragraphs of this complaint.

32. Upon information and belief, on or about September 2, 2017, Plaintiff purchased a defective firearm that had been imported, distributed, delivered, supplied, inspected, warrantied, marketed, sold, installed, manufactured, and/or designed by the Defendants. The Plaintiff then used the firearm and in a reasonably foreseeable manner, likely intended by the Defendant(s), as such use described above is usual and customary for the type of product at issue.

33. As a proximate consequence of using the defective firearm, Plaintiff suffered severe permanent physical injury, mental injury and anxiety, and emotional distress.

34. At said time and place, and for some time prior thereto, the Defendants, both named and fictitious, were the importers, distributors, deliverers, suppliers, inspectors, testers, warrantors, marketers, sellers, installers, manufacturers, and/or designers of the firearm and were engaged in the business of importing, distributing, delivering, supplying, inspecting, warranting, marketing, installing, manufacturing, designing, and selling said firearm throughout the United States, including the state of Alabama, for use by members of the general public, including the Plaintiff.

35. At said time and place, the firearm that sold to the Plaintiff was in substantially the same

condition as when imported, distributed, delivered, supplied, inspected, tested, warranted, marketed, sold, installed, manufactured, and/or designed, and was being used in a manner that was reasonably foreseeable at the time of the subject incident. The firearm was imported, distributed, delivered, supplied, inspected, warranted, marketed, sold, installed, manufactured and/or designed by the Defendants, both named and fictitious, and was not reasonably safe when being used in a foreseeable manner, and was defective and unreasonably dangerous to the human body when being so used. The Defendants, both named and fictitious, knew or in the exercise of reasonable care should have known, that said firearm was unreasonably dangerous to the human body when being so used in a foreseeable manner.

36. The foregoing wrongful conduct, act(s), and/or omission(s) of the Defendants, both named and fictitious, whose correct identity will be identified when ascertained, were a proximate cause of the Plaintiff's injuries and damages, and renders said Defendants liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to the Defendants' conduct. Further, Plaintiff requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT V
## DAMAGES

37. The plaintiff avers that as a result of the Defendants' willfulness, wantonness, recklessness, and negligence, the Plaintiff has suffered and seeks to recover for the following special injuries and damages:

      a. Past and future lost wages and benefits;

      b. Past and future medical expenses;

      c. Past and future physical pain and mental anguish;

      d. Permanent physical disability and disfigurement; and

      e. Inability to carry out and/or loss of enjoyment of the usual and normal activities of life.

38. The plaintiff seeks to recover a sum that will fairly and fully compensate him for his damages and injuries. Due to the severity of his injuries, the Plaintiff expects such fair compensation to be well in excess of the jurisdictional minimums of this Court.

39. As a direct result of the willfulness, wantonness, recklessness, and negligence of the actions of one or all of Defendants, Plaintiff further seeks an award of punitive damages in a sum sufficient to punish and deter the conduct of one or all Defendants. Plaintiff seeks punitive damages in an amount that is to be determined reasonable and fair by a jury of Plaintiff's peers.

## JURY DEMAND

40. Plaintiffs hereby demand a trial by struck jury in this cause.

Respectfully submitted,

*/s/Henry A. Lawrence, III*
HENRY A. LAWRENCE, III (LAW051)
*Counsel for Plaintiff*
Wettermark & Keith, LLC
3595 Grandview Pkwy.
Suite 350
Birmingham, Alabama 35243
P: (205) 212-3348
F: (205) 747-3798
E: hlawrence@wkfirm.com

## PLAINTIFF WILL HAVE THE FOLLOWING DEFENDANTS SERVED IN COMPLIANCE WITH RULE 4 OF THE ALABAMA RULES OF CIVIL PROCEDURE

Century Arms
c/o Philip Burnor
17 Parsons Lane
St. Albans, VT 05478

Century Arms, Inc.
c/o Michael Sucher
430 S. Congress Avenue
Suite 1A
Delray Beach, FL 33445

Century International Arms, Inc.
c/o Michael Sucher
430 S. Congress Avenue
Suite 1A
Delray Beach, FL 33445

Century International Arms of Vermont, Inc.
c/o Michael Sucher
430 S. Congress Avenue
Suite 1A
Delray Beach, FL 33445

Century International Arms Corporation
c/o Michael Sucher

430 S. Congress Avenue
Suite 1A
Delray Beach, FL 33445

Century World Enterprises, Inc
c/o Michael Sucher
430 S. Congress Avenue
Suite 1A
Delray Beach, FL 33445

Century World Investment Corp.
c/o Michael Sucher
430 S. Congress Avenue
Suite 1A
Delray Beach, FL 33445

Samsun Domestic Defense and Industry, Corp.
(*this defendant will be served via the Hague Convention*)

Canik USA, LLC
c/o Cogency Golbal Inc.
115 N. Calhoun Street
Suite 4
Tallahassee, FL 32301

/s/ Henry A. Lawrence, III
Of Counsel

DOCUMENT 2